# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0395V
### Filed: May 14, 2019
UNPUBLISHED

| | |
|---|---|
| CAROLYN GREEN, <br><br>          Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>          Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") resulting from the adverse effects of an influenza vaccine administered on November 2, 2015. Petition at 1. On January 24, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 57.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 5, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 62.  Petitioner requests attorneys' fees in the amount of $15,851.69 and attorneys' costs in the amount of $714.69.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $15,851.69.

On April 18, 2019, respondent filed a response to petitioner's motion.  ECF No. 63.  Respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs., 24* Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

2

## II.     Attorney Fees

### A.  Hourly Rates

#### i.   Amy Senerth

Petitioner requests the following rates for work performed by Amy Senerth; $225 for work performed 2017 and $250 for work performed in 2018 and 2019. Ms. Seneth has previously been awarded the rates of $225 for 2017 and $233 for 2018. *See Cronin v. Sec'y of Health & Human Servs.,* No. 16-1176V, Slip Op. at 3, (Fed. Cl. Spcl. Mstr. June 13, 2018).  The undersigned reduces Ms. Senerth's rate for 2018 to the previously awarded rate of $233, reducing the request for attorney fees in the amount of **$358.70**.[3] For 2019, the undersigned finds the requested rate of $250 reasonable and awards it here in.

#### ii.  Paralegal Rate

Petitioner requests compensation for paralegals, Maria Loecker and Tereza Pavlacsek at the rate of $150 per hour for time billed in 2018 and 2019. The paralegals of Muller Brazil have previously been awarded the rate of $125 per hour for time billed in 2018.  The undersigned reduces the 2018 rate for the paralegals to the previously awarded rate of $125 per hour for time billed in 2018.  Regarding the rate of $150 per hour for 2019, petitioner did not file supporting documentation to support such a large increase. The undersigned will award an increased rate for the paralegals for 2019, to the rate of $140 per hour. This results in a reduction of attorney fees requested in the amount of **$34.50**.[4]

## III.    Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $714.69. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

## IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[3] This amount consists of $250 - $233 = $17 x 21.1 = $358.70.

[4] This amount consists of ($150 - $125 = $25 x 1.1 = $27.50) + ($150 - $140 = $10 x .7 hrs = $7) = $34.50.

**Accordingly, the undersigned awards the total of $15,458.49[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amy A. Senerth.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.